UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAWN A. BLACK, | ) |
|       Plaintiff, | ) |
|       v. | ) Civil Action No. 02-2473 (ESH) |
| KENNETH Y. TOMLINSON, Chairman, Broadcasting Board of Governors, | ) |
|       Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff Dawn A. Black's motion for reconsideration of the Court's order granting defendant summary judgment on plaintiff's Title VII claims. Because plaintiff has failed to demonstrate any basis for reconsidering that order, her motion is denied.

On December 16, 2002, plaintiff filed an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging that the United States Information Agency, her former employer, unlawfully retaliated by failing to select her for numerous positions and training programs following her pursuit of gender discrimination claims against the agency. In a March 31, 2006 Memorandum Opinion, the Court granted defendant's Motion for Summary Judgment, concluding that plaintiff had failed to adduce sufficient evidence to support a reasonable jury in finding that the agency had engaged in unlawful retaliation. *Black v. Tomlinson*, Civ. No. 02-2473, 2006 WL 850995, at *17 (D.D.C. Mar. 31, 2006) (Mem. Op.). Plaintiff filed the present motion on April 14, 2006, asking that the Court reconsider its decision under Rules 59(e) and 60(b)(6). (Pl.'s Mot. at 1.)

## DISCUSSION

Whether brought under Rule 59(e) or Rule 60(b), district courts have substantial discretion in ruling on motions for reconsideration. *Piper v. U.S. Dep't of Justice*, 312 F. Supp. 2d 17, 20 (D.D.C. 2004) ("The district court has considerable discretion in ruling on a Rule 59(e) motion."); *Richardson v. Nat'l. R.R. Passenger Corp.*, 49 F.3d 760, 765 (D.C. Cir. 1995) (noting district court's "broad discretion" in ruling on a Rule 60(b)(6) motion). Granting such a motion is an unusual measure, *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (discussing rule 59(e)), one requiring a demonstration of "extraordinary circumstances" by the moving party. *Niedermeier v. Office of Baucus*, 153 F.Supp. 2d 23, 28 (D.D.C. 2001) (discussing Rule 59(e)); *see also Computer Professionals for Soc. Responsibility v. U.S. Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996) (holding reconsideration under Rule 60(b)(6) appropriate where the new information presented to the district court was of exceptional import, making the case "not the ordinary one"). Under Rule 59(e), motions for reconsideration "'need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice.'" *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998) (quoting *Firestone*, 76 F.3d at 1208). Under Rule 60(b)(6), "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . any . . . reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6); *see also Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980) ("When a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust, reconsideration under rule 60(b)(6) is proper even though the original failure to present that information was inexcusable."). Motions for reconsideration, in other words, are "not simply an

opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F.Supp. 37, 38 (D.D.C. 1995) (discussing Rule 59(e)).

  In moving for reconsideration of the Court's order, plaintiff has not demonstrated a change of controlling law, the existence of new or previously unconsidered evidence, clear error, manifest injustice, or any other reason sufficient to justify relief from the Court's judgment. Rather, plaintiff's motion is little more than a rehash of the arguments raised in her opposition to defendant's Motion for Summary Judgment.  With respect to the TV Production Specialist (PA-99-184) position, plaintiff challenges defendant's description of her interview performance, emphasizes "her assessment" of her qualifications for the position, and notes that the position remained open for several months despite defendant's indications that someone was needed who could "hit the ground running."  (Pl.'s Mot. at 4-5.)  With respect to the TV Broadcast Technician (B/P-99-53) position, plaintiff contends that defendant had determined her "at least minimally qualified" prior to referring her for an interview, challenges a post-interview memorandum concluding that she was not qualified for the job, argues that a jury should be allowed to determine whether plaintiff's statements regarding her qualifications were sufficient to meet the stated requirements of the position, and asserts that she had insufficient information to pursue administrative remedies until after the initiation of this suit.  (*Id.* at 5-8.)  With respect to the contract positions available through Louise Coleman-Brown, plaintiff challenges Coleman-Brown's dissatisfaction with her work as inconsistent with other evaluations she had received and emphasizes evidence that she had been referred to Coleman-Brown for consideration.  (*Id.* at 8-9.)  Finally, with respect to the agency's failure to refer her for certain positions during her time on its Reemployment Priority List, plaintiff argues that she was not required to indicate on her application the positions for which she wished to be considered, that

she was entitled to pay retention, and that her application did not indicate a desire to be considered only for GS-13 positions.  (*Id.* at 9-10.)  Each of these arguments was previously raised by plaintiff and rejected by the Court.  *See Black*, 2006 WL 850995, at *9-15.  As motions for reconsideration are not "a second opportunity to present argument upon which the Court has already ruled," *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997) (discussing rule 59(e)), the Court will not revisit its conclusion that plaintiff failed to present evidence sufficient to support a reasonable jury in finding that defendant engaged in unlawful retaliation.

Unaddressed in the prior opinion of the Court is plaintiff's present contention that "defendant retaliated against her by failing to transfer her FTE" (Pl.'s Mot. at 5) -- an allegation made only peripherally in her Opposition and Statement of Material Facts in Dispute.  (*See* Pl.'s Opp'n at 9 ("Plaintiff also did not hesitate to mitigate her job loss . . . .  Plaintiff even submitted a letter to Kevin Klose, before she was RIF'd, suggesting that defendant transfer her FTE to Voice of America.  Plaintiff stated that the same had been done for David London, a co-worker who was an alleged discriminator in her prior case."); Pl.'s Stmt. ¶ 72 ("Plaintiff sought, unsuccessfully, to have her FTE transferred . . . .  Like the Defendant had done for one of Plaintiff's co-workers, David London."); *id.* ¶ 144 ("Plaintiff was not able to get any kind of assistance before she was RIF'd.  She had even suggested that defendant transfer her FTE to VOA but nobody responded.").)  Once again, however, plaintiff's allegations are insufficient to support a finding of retaliation.  While Black did raise the possibility of a transfer with agency officials, her April 23, 1998 letter amounts to a recommendation that a position be created for her within Voice of America, which she believed to be "in desperate need of a television graphics support branch."  (*See* Pl.'s Ex. 49.)  In declining to create a graphics division within

Voice of America, the agency cannot be said to have taken an adverse action against plaintiff. *See Taylor v. Small*, 350 F.3d 1286, 1293 (D.C. Cir. 2003) ("An 'adverse employment action' within the meaning of *McDonnell Douglas* is 'a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits.'") (*quoting Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)); *see also Morgan v. Fed. Home Loan Mortg. Corp.*, 328 F.3d 647, 651 (D.C. Cir. 2003) ("Where . . . the plaintiff claims that the retaliation took the form of a failure to hire, the plaintiff must also show . . . that he applied for an available job . . . ."). Moreover, while alleging that the agency transferred another employee, plaintiff offers no evidence regarding the relative circumstances of that action. (*See* Pl.'s Mot. at 5.) Such a record cannot support the inference of retaliation plaintiff advocates. Finally, plaintiff failed to timely exhaust the transfer claim, having first alleged retaliation in September 1999 -- nearly a year and a half after her letter proposing the move, and a year after her separation from the agency. *See* 29 C.F.R. § 1614.105(a)(1).

## CONCLUSION

Accordingly, it is hereby ordered that plaintiff's Motion for Reconsideration of Order Granting Defendant's Motion for Summary Judgment [#42] is **DENIED**.

**SO ORDERED**.

                                                                                     s/
                                             ELLEN SEGAL HUVELLE
                                             United States District Judge

Date: June 5, 2006